## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JERRY RICE**                                                          **PLAINTIFF**

**v.**                                              **CIVIL NO. 1:25-cv-00331-HSO-BWR**

**MDOC SMCI, et al.**                                                  **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.  After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

When he filed his Complaint on November 10, 2025, *pro se* Plaintiff Jerry Rice was an inmate housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.  Compl. [1] at 2.  Plaintiff's claims arise under 42 U.S.C. § 1983, and he names (1) MDOC SMCI, (2) Major Unknown Robinson, (3) Superintendent Brad Huffman, and (4) Warden J. Hastetter, as Defendants.  *Id*. at 1-3.  Plaintiff has not paid the requisite filing fee for this civil action, nor has he requested leave to proceed without payment of costs.

Accordingly, on November 19, 2025, Plaintiff was ordered as follows:

[O]n or before December 19, 2025, plaintiff shall either pay the required $350.00 . . . filing fee plus a $55.00 . . . administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

Order [2] at 1 (emphasis omitted).  Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case."  *Id*. at 2.  That Order [2] was mailed to Plaintiff at his last-known mailing address, and it was returned as undeliverable.  Envelope [4].  Plaintiff did not comply with the Court's Order [2] by the December 19 deadline, but he did notify the Court of a change of address on December 4, 2025.  Notice [3] at 1.

On December 31, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's previous Order [2].  Order [5] at 2.  Plaintiff's responsive deadline was extended to January 16, 2026, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him."  *Id*.  The Order to Show Cause [5] and a copy of the November 19 Order [2] were mailed to Plaintiff at his updated mailing address, which he had provided less than a month before, and they were not returned as undeliverable.  Plaintiff did not comply with the Order to Show Cause [5] by the January 16 deadline.

On January 29, 2026, the Court entered a Second and Final Order to Show Cause [6], allowing Plaintiff another chance to show cause for his failure to comply with the Court's Orders.  Order [6] at 2.  Plaintiff's responsive deadline was extended yet again to February 12, 2026, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a

change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. at 2-3 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [5] [2]." *Id*. at 3. The Second and Final Order to Show Cause [6], a copy of the Order to Show Cause [5], and a copy of the November 19 Order [2] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable.

To date, Plaintiff has not responded to the Court's November 19, December 31, or January 29 Orders [2], [5], [6], nor has he otherwise contacted the Court about his case since December 4, 2025. Notice [3].

## II. <u>DISCUSSION</u>

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has been pending for over three months but has yet to progress past its infancy because of Plaintiff's failure to comply with the Court's Orders. Specifically, Plaintiff did not comply with three Court Orders [2], [5], [6], after being warned four times that failing to do so may lead to the dismissal of his case. Second and Final Order to Show Cause [6] at 2-3; Order to Show Cause [5] at 2; Order [2] at 2; Notice of Assignment [1-2] at 1. Despite these warnings, Plaintiff has failed to comply with the Court's Orders and has taken no action in this case for over two months. Such inaction represents a clear record of delay, contumacious conduct, and lack of interest by Plaintiff. It is apparent that he no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice is warranted.

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action

is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's

Orders and to prosecute.  A separate final judgment will be entered under Federal

Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of February, 2026.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE